UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| MAURICE OPARAJI,<br><br>　　Plaintiff,<br><br>v.<br><br>INNOVATE 1 SERVICES, INC.,<br><br>　　Defendant. | Civil Action No.<br><br>2:18-CV-8668-MCA-SCM<br><br>**ON PLAINTIFF'S MOTION TO REMAND**<br><br>**[D.E. 5]** |

## REPORT AND RECOMMENDATION

**STEVEN C. MANNION**, United States Magistrate Judge.

　　Before the Court is Plaintiff Maurice Oparaji's ("Mr. Oparaji") Motion to Remand.[1] Defendant Innovate 1 Services, Inc. ("Innovate") opposes the motion.[2] The Honorable Madeline Cox Arleo, United States District Judge, referred this motion to the undersigned for report and recommendation.[3] Having reviewed and considered the parties' submissions, the undersigned respectfully recommends that the Court **GRANT** Mr. Oparaji's Motion to Remand.

---

[1] (ECF Docket Entry No. ("D.E.") 5, Pl.'s Mot.). The Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 9, Def.'s Mot.).

[3] *See* L. Civ. R. 72.1(a)(2).

## I. BACKGROUND[4]

Mr. Oparaji instituted this action to recover damages from an alleged fraudulent contract.[5] On September 13, 2017, Mr. Oparaji, a citizen of New Jersey, filed his Complaint in New Jersey State court against Innovate for fraud, negligent misrepresentation, and other claims related to breach of contract.[6] Mr. Oparaji claims that he paid Innovate a total of $214 to provide him with a Nigerian passport but Innovate never delivered the passport and thus breached the agreement.[7] Mr. Oparaji instead purchased a work visa through Togo's mission to the United Nations,[8] but he arrived late to Nigeria and allegedly lost a $200,000 software contract.[9]

On May 3, 2018, Innovate removed the action under diversity jurisdiction.[10] Innovate is a corporation, incorporated in Delaware with its principle place of business in Connecticut.[11] On May 29, 2018, Mr. Oparaji moved to remand this action to state court.[12] On June 14, 2018,

---

[4] The Court relies upon the allegations set forth within the pleadings and motion record for the purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 1, Notice of Removal, Ex. B Compl., at ¶¶ 11-53).

[6] *Id.*

[7] *Id.* at ¶¶ 2-3.

[8] *Id.* at ¶ 3.

[9] *Id.* at ¶ 6.

[10] (D.E. 1, Notice of Removal, at ¶ 8).

[11] *Id.* at ¶ 9(b).

[12] (D.E. 5, Pl.'s Mot.).

2

Innovate filed an opposition that included a cross-motion to transfer venue to the District of Connecticut.[13]

## II. LEGAL STANDARD

Under our jurisprudence, a defendant may remove a civil action to the proper federal district court with original jurisdiction.[14] Removal requires an independent ground for subject matter jurisdiction such as diversity jurisdiction or federal question jurisdiction.[15] This Court has original jurisdiction to hear claims where "the matter in controversy exceeds the sum or value of $75,000" and there is complete diversity of citizenship between the parties.[16]

When a defendant's notice of removal is procedurally defective, a plaintiff may file a motion to remand the case to state court.[17] For such defects, a plaintiff must file its motion to remand within 30 days after the notice of removal.[18] If the defendant's notice of removal is untimely and the plaintiff's motion to remand is timely, a court may remand the case to state court.[19] When such disputes over the removal occur, defendants bear the burden of proving that

---

[13] (D.E. 9, Def.'s Mot.).

[14] 28 U.S.C. § 1441(a).

[15] 28 U.S.C. § 1441(b)-(c).

[16] 28 U.S.C. § 1332(a)(1).

[17] *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the [defendant's] notice of removal under section 1446(a)."); *Costa v. Verizon New Jersey, Inc.*, 936 F. Supp. 2d 455, 468 (D.N.J. 2013) (remanding case after determining that the defendant's removal was untimely).

[18] 28 U.S.C. § 1447(c).

[19] *See, e.g.*, *H.S.B.C. Bank U.S.A., N.A. v. Ruffolo*, 2015 WL 9460560 at *2-4 (D.N.J. Dec. 23, 2015) (remanding case to state court because the defendant missed Section 1446(b)'s filing

the case belongs in federal court.[20] Courts must strictly construe Section 1441 against removal and resolve ambiguities in favor of remand.[21] Courts should also assume that they lack jurisdiction "unless the contrary appears affirmatively from the record."[22]

### III. DISCUSSION

The Court focuses its analysis on the timeliness of Innovate's Notice of Removal. As discussed below, Innovate concedes that its Notice of Removal was untimely,[23] but instead moves to transfer this case to the District of Connecticut.[24]

As a preliminary matter, the Court will exercise its discretion[25] to first consider the "Motion to Remand because it requires determining whether the Court has federal subject matter jurisdiction in the first instance and, thus, granting the Motion to Remand would render the Motion to Transfer moot."[26]

---

deadline after receiving the complaint); *G.M.A.C. Mortg., L.L.C. v. Barel*, 2011 WL 5833988 at *2 (D.N.J. Nov. 17, 2011) (remanding case to state court because the defendant's notice of removal was untimely and the plaintiff's motion to remand was timely); *Sidoti v. Housewares America, Inc.*, 2010 WL 4612568 at *1-2 (D.N.J. Sep. 10, 2010) (same).

[20] *See Constantino v. Cont'l Airlines, Inc.*, 2014 WL 2587526, at *1 (D.N.J. June 9, 2014) ("The burden is on the removing party to show the case belongs in federal court.") (citations omitted).

[21] *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013).

[22] *DeJoseph v. Cont'l Airlines Inc.*, 18 F. Supp. 3d 595, 598 (D.N.J. 2014) (quoting *Philadelphia Fed'n of Teachers, Am. Fed'n of Teachers, Local 3, ALF-CIO v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998)).

[23] (D.E. 1, Notice of Removal, at ¶ 12).

[24] (D.E. 9, Def.'s Mot., at 7-9).

[25] *See id.*; *Watermark Condominium Residences Ass'n, Inc. v. WCI Communities, Inc.*, 2013 WL 2404221 at *3 (D.N.J. May 30, 2013).

[26] *Hall v. Welch Foods, Inc.*, 2017 WL 4422418 at *3 (D.N.J. Oct. 5, 2017).

Turning then, to the timeliness of the Notice of Removal, the Court finds that Innovate failed to meet the 30-day filing deadline under Section 1441(b)(1). Innovate received Mr. Oparaji's Summons and Complaint on October 18, 2017.[27] Consequently, Innovate had 30 days—until November 19, 2017—to file its Notice of Removal.[28] Innovate did not file the Notice of Removal until May 3, 2018, 197 days after it received the Summons and Complaint.[29] Both parties acknowledge that Innovate missed this filing deadline.[30] Accordingly, the Court finds that Innovate's Notice of Removal is untimely under Section 1441(b)(1), which constitutes a fatal defect under Section 1447(c).[31]

Having found that Innovate's untimely notice constitutes a fatal defect, the Court must next determine whether Mr. Oparaji filed his motion to remand in a timely manner. Innovate filed its Notice of Removal on May 3, 2018.,[32] and Mr. Oparaji filed his motion to remand on May 29,

---

[27] (D.E. 5, Pl.'s Mot., at ¶ 14).

[28] *See* 28 U.S.C. § 1441(b)(1).

[29] *See* (D.E. 5, Pl.'s Mot., at ¶¶ 13-16); (D.E. 1, Notice of Removal).

[30] (D.E. 5, Pl.'s Mot., at ¶ 16) ("[Innovate] had 30 days from October 18, 2017 or until November 19, 2017 to file Notice of Removal."); (D.E. 1, Notice of Removal, at ¶ 12) ("This Notice of Removal is not within the time provided by 28 U.S.C. § 1446, because of the history of trying to transfer the matter to the State of Connecticut, and the interlocutory appeal; Defendant asks this Court to accept this Notice of Removal and grant the request to remove this matter from the State Court.").

[31] *See* 28 U.S.C. § 1447(c); *Costa*, 936 F. Supp. 2d at 467-68 (remanding case because the defendant's untimely notice of removal was a defect under Section 1447(c)).

[32] (D.E. 1, Notice of Removal).

2018,[33] within the 30-day requirement of Section 1447(c).[34] Therefore, the Court finds that Mr. Oparaji's motion to remand is timely and that remand is appropriate in this matter.

## IV.     RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Mr. Oparaji's Motion to Remand. The parties have fourteen (14) days to file and serve any objections to this Report and Recommendation.[35]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/2/2018 12:16:27 PM

---

[33] (D.E. 5, Pl.'s Mot.).

[34] 28 U.S.C. 1447(c); *see, e.g.*, *H.S.B.C. Bank, USA*, 2015 WL 9460560 at *2-4; *G.M.A.C. Mortg.*, 2011 WL 5833988 at *2; *Sidoti*, 2010 WL 4612568 at *1-2.

[35] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).